## SMITH v. PEARCE.

### Opinion delivered May 23, 1927.

1. LANDLORD AND TENANT—CONFLICT IN INSTRUCTIONS.—In unlawful detainer by a landlord against his tenant, an instruction that, if the parties made an oral lease of a farm for the ensuing year, it would be valid, but, if they made an oral lease for two years, it would be void under the statute of frauds, *held* not contradictory.

2. LANDLORD AND TENANT—JURY QUESTION.—Where the evidence conflicted as to whether defendant claimed under an oral lease for two years, the issue was for the jury.

3. LANDLORD AND TENANT—EVICTION—INSTRUCTION AS TO DAMAGES.—In a cross-action for eviction brought by a tenant who was compelled to hire two teams for several days and to use his own teams for much longer time in moving, an instruction to assess such damages as he had proved as a result of being evicted from the premises *held* not abstract.

4. TRIAL—INDEFINITE INSTRUCTION—REMEDY.—If the court's instruction that the jury could allow the tenant such damages as he had proved as a result of being evicted from the premises was not as definite on the measure of damages as the landlord desired, he should have asked for a more definite instruction.

Appeal from Jackson Circuit Court; *Dene H. Coleman*, Judge; affirmed.

*Gustave Jones*, for appellant.

*Pickens & Ridley*, for appellee.

HUMPHREYS, J. This is a suit in unlawful detainer by appellant as landlord against appellee as tenant for a certain farm in Jackson County. It was alleged in the complaint that appellant let to appellee said farm for the year 1925, and that he was willfully and unlawfully holding the possession thereof after written demand for same.

Appellee filed an answer, denying that he was unlawfully holding over, and alleging, by way of cross-complaint, that in August, 1925, he leased the farm for the year 1926, and had been unlawfully evicted, for which he prayed damages in the sum of $200. The cause was submitted upon the pleadings, testimony adduced by the respective parties and instructions of the court, which resulted in a judgment dismissing appellant's complaint and for damages in the sum of $37.50 on appellee's cross-bill, from which is this appeal.

The testimony introduced by appellant, plaintiff below, tended to show that she leased the farm to appellee, the defendant below, for the year 1925, but that they were unable to agree upon terms, and, on that account, failed to consummate a contract for the year 1926.

The testimony introduced by appellee tended to show that, in August, 1925, an oral rental contract was entered into between the parties whereby it was agreed that appellee should keep the farm for the year 1926 upon the same terms provided in the rental contract for 1925.

In December, 1925, an attempt was made to get appellee to sign a written contract to pay $15 an acre for the land, which he refused to do, claiming that he had already entered into an oral contract whereby he was to have the farm for the year 1926 for one-fourth the cotton and the cotton seed, and $10 an acre for that part of the land upon which he might plant corn and hay. The testimony is conflicting as to whether he then claimed the right to hold the farm under an oral contract for two years, 1925 and 1926, when he first moved there, or under an oral contract made in August, 1925.

Appellant's first contention for a reversal of the judgment is that instructions numbers 2 and 6 given by the court, over her objection and exception, are in conflict and misleading. The instructions are as follows:

"The burden of proof is upon the plaintiff, Miss Fannie Smith, to show, by the greater greater weight of evidence or by a preponderance of the evidence in the case, her right of possession to the premises at the time

of the filing of the suit. Under the testimony and the law governing this cause, the plaintiff would be entitled to the possession of the premises at the time suit was filed, and she was entitled to the possession of them at the time the suit was filed, unless you believe from the evidence that the defendant, Pearce, had a contract which had been entered into prior to the time of the filing of this suit between Miss Fannie Smith and himself, whereby he was to have possession of the land and the right to cultivate the lands in question during the year 1926. And the terms of this contract should have been plain and should have been understood and agreed to by both parties prior to the institution of this suit.''

"There has been some testimony, gentlemen, relative to a purported contract for the rental of the premises for the term of two years. The defendant is not claiming, on his part, under such a contract as that, so he alleges. The plaintiff, however, claims that he made that complaint to the plaintiff at one time. I instruct you that a contract of rental of real estate for more than one year would not be enforceable in this court, unless it was in writing.''

We see no conflict in the instructions. Number 2 relates to the issue of fact as to whether appellant and appellee entered into an oral lease in August, 1925, for the farm for the year of 1926, and number 6 relates to the issue of fact as to whether appellant and appellee entered into an oral lease for the farm for two years, 1925 and 1926, when he moved on the place. The court told the jury in the two instructions, when read together, that, if they should find that the contract was made in August, 1925, for the use of the farm for 1926, it would be a valid contract, whereas, if made for the years 1925 and 1926, at the time he moved on the place, it would be void under the statute of frauds. There is no inconsistency whatever in the instructions.

Appellant's next contention for a reversal of the judgment is that the court should have given her request

for a peremptory instruction. This insistence is based upon the theory that the undisputed evidence showed that appellee claimed the right to hold the farm by virtue of an oral contract to lease same for two years, 1925 and 1926. The evidence was conflicting upon this point, and appellant was not entitled to an instructed verdict. The conflict made the issue one for the jury.

Appellant's next and last contention for a reversal of the judgment is that the instruction as to damages was erroneous. The instruction told the jury that, if they found in favor of appellee, they should assess such damages as they might find from the evidence he had proved as a result of being evicted from the premises. There was testimony to the effect that appellee was compelled to hire two teams for several days and use his own much longer in moving to a place he rented three miles from appellant's farm. The instruction was not abstract, and, if appellant desired a more definite instruction on the measure of damages, he should have made a request to that effect.

No error appearing, the judgment is affirmed.